# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MAJOR SEAN BARNETT,

|  |  |  |  |
|---|---|---|---|
| | Plaintiff, | : | Case No. 3:25-cv-228 |
| | | | District Judge Thomas M. Rose |
| - vs - | | | Magistrate Judge Michael R. Merz |

UNITED STATES AIR FORCE, et al.,

|  |  |  |
|---|---|---|
| | Defendants. | : |

# REPORT AND RECOMMENDATIONS ON MOTION FOR CIVIL CONTEMPT

This case is before the Court on Plaintiff's Motion for Civil Contempt (ECF No. 28) and

his Supplemental Memorandum in Support (ECF No. 32) which Defendants oppose (ECF No. 36).

As grounds for a finding of civil contempt, Plaintiff asserts:

> Defendants have committed a clear violation of a Court order by 1)
> "Setting the date for Plaintiff's Separation" without notifying the
> Court nor Plaintiff, and 2) Consumating [sic] the "decision making"
> of this action and effectually all DOW [sic[1]] actions by setting the
> discharge date, 3) Misstating facts about "Exhausted Remedies,"
> and 4) Soliciting others to commit unlawful acts as <u>EVERY</u>
> department and <u>ALL</u> personnel involved in these actions are being
> ordered to commit unlawful orders and actions in violation of a
> Judge's Order.

---

[1] Presumably "DOW" is intended as an abbreviation for "Department of War." Although the President has indicated his desire to change the name of the Department of Defense to Department of War, the Court is not aware that the Congress of the United States has approved this change.

(ECF No. 28, PageID 321).

As authority for a contempt holding, Plaintiffs cites Fed. R. Civ. P. 7(b), 16(f), and 65 and 18 U. S.C. § 401(3). *Id.* The authority of United States Magistrate Judges to impose civil contempt sanctions is governed by 28 U.S.C. § 7636(e) which reserves that authority for cases in which there has been unanimous consent to Magistrate Judge plenary jurisdiction.  That has not happened in this case, so the undersigned is required to make a report and recommendations to District Judge Rose on the instant motion.

Federal courts have inherent authority to punish civil contempt.

> It has long been understood that "[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution," powers "which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." *United States v. Hudson,* 7 Cranch 32, 34, 3 L.Ed. 259 (1812); see also *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980) (citing *Hudson* ). For this reason, "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Anderson v. Dunn,* 6 Wheat. 204, 227, 5 L.Ed. 242 (1821); see also *Ex parte Robinson,* 19 Wall. 505, 510, 22 L.Ed. 205 (1874). These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630–631, 82 S.Ct. 1386, 1388–1389, 8 L.Ed.2d 734 (1962).

> Prior cases have outlined the scope of the inherent power of the federal courts. For example, the Court has held that a federal court has the power to control admission to its bar and to discipline attorneys who appear before it. See *Ex parte Burr,* 9 Wheat. 529, 531, 6 L.Ed. 152 (1824). While this power "ought to be exercised with great caution," it is nevertheless "incidental to all Courts." *Ibid.* In addition, it is firmly established that "[t]he power to punish for contempts is inherent in all courts." *Robinson, supra,* at 510. This

> power reaches both conduct before the court and that beyond the
> court's confines, for "[t]he underlying concern that gave rise to the
> contempt power was not ... merely the disruption of court
> proceedings. Rather, it was disobedience to the orders of the
> Judiciary, regardless of whether such disobedience interfered with
> the conduct of trial." *Young v. United States ex rel. Vuitton et Fils
> S.A.,* 481 U.S. 787, 798, 107 S.Ct. 2124, 2132, 95 L.Ed.2d 740
> (1987) (citations omitted).

*Chambers v. NASCO, Inc.,* 501 U.S. 32, 43-44 (1991).

Because Plaintiff sought a temporary restraining order in this case, the Magistrate Judge

held a conference under S. D. Ohio Civ. R. 65.1 at 10:30 A.M. on Wednesday, August 20, 2025

(Minutes, ECF No. 21). A result of that conference was an Agreed Order of the same date which

provides:

> The discussion disclosed that neither the Air Force nor the Defense
> Health Agency has issued as yet a final agency action setting a date
> for Plaintiff's separation from the Air Force (or indeed deciding
> whether to do so or not) or affecting Plaintiff's privileges to practice
> medicine. Defendants are ORDERED to notify Plaintiff and the
> Court, through Defendants' counsel, when any such action is taken,
> which will allow the Court to decide whether temporary injunctive
> relief is needed.

(ECF No. 22, PageID 273). This is the only identified pre-trial order of this Court as to which

Plaintiff has an arguable claim of non-compliance. None of the other actions or inactions of

Defendants as to which Plaintiff asserts they are in contempt of court is in any way related to any

order the Court has entered. As to those assertions of contempt, the Court should deny the instant

motion.

Regarding the obligation to notify the Court and Plaintiff when any final agency action is

taken, Defendants concede they did not follow the sequence of notification contemplated by the

Agreed Order:

> At the time of Plaintiff's filing [on September 2, 2025], defense counsel was unaware that an Air Force decision had been made on Plaintiff's separation action. Indeed, upon receiving notice of Plaintiff's filing at 3:39 pm on September 2nd, defense counsel immediately reached out to Air Force counsel to confirm a separation decision had been made[2] [footnote in original]

(ECF No. 37, PageID 377)

Thus it appears the failure to follow the Agreed Order was the result of inefficient intra-agency communications, for which Defendants' counsel has apologized to the Court.

The purpose of civil contempt is remedial or compensatory. *Shillitani v. United States,* 384 U.S. 364 (1966); *McComb v. Jacksonville Paper Co.*, 336 U.S. 187 (1949). Civil contempt requires proof by clear and convincing evidence. *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, (6th Cir. 1987); *Reed v. Rhodes*, 635 F.2d 556 (6th Cir. 1980), modified 642 F.2d 186 (6th Cir. 1981); *Consolidation Coal Co. v. Local Union No. 1784, U.M.W.*, 514 F.2d 763 (6th Cir. 1975).

Plaintiff has not proven by clear and convincing evidence that finding Defendants in civil contempt would serve a valid remedial or compensatory purpose. The Magistrate Judge therefore respectfully recommends Plaintiff's Motion for Civil Contempt be denied.

September 24, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[2] Air Force agency counsel was unaware of any separation decision when the undersigned defense counsel contacted him following Plaintiff's filing. He immediately investigated the issue. Upon investigation, agency counsel determined that on Tuesday, August 26, 2025, the Office of the Secretary of the Air Force directed that Plaintiff be separated with an Honorable service characterization. Air Force agency counsel had previously requested that counsel in the Secretary's office notify him of any separation decision, but unfortunately the Secretary's office point of contact on this matter was out of the office that entire week and did not return until September 2, 2025, after the Labor Day holiday. Consequently, information about the separation decision did not get relayed to agency counsel immediately. As a result, Plaintiff received notification of his separation date before agency counsel or the undersigned defense counsel learned of the separation decision or his separation date. Although Defendants took reasonable steps to promptly comply with this Court's Order, Defendants nonetheless apologize to the Court for not being able to notify the Court of the separation decision before Plaintiff's filing.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.