# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MAJOR SEAN BARNETT,

                Plaintiff,        :        Case No. 3:25-cv-228

                                    District Judge Thomas M. Rose
- vs -                           Magistrate Judge Michael R. Merz

UNITED STATES AIR FORCE, et al.,

                Defendants.        :

## DECISION AND ORDER

This case is before the Court on Plaintiff's Motion For Relief From General Order And To Lift Abeyance As To This Case (ECF No. 45).  Plaintiff seeks relief from S.D. Ohio General Order 25-04 entered by Chief Judge Morrison October 1, 2025, which recites:

> This matter is before the Court due to the lapse of congressional appropriations funding the federal government, including the Department of Justice and the United States Attorney's Office for the Southern District of Ohio. Absent an appropriation, the United States represents that certain Department of Justice attorneys and employees of the federal government are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property. " 31 U. S.C. § 1342. Therefore, the lapse in appropriations requires a reduction in the workforce of the United States Attorney's Office for the Southern District of Ohio and other federal agencies, particularly with respect to prosecution and defense of civil cases.

1

> The Court, in response, and with the intent to avoid any default or prejudice to the United States or other civil litigants occasioned by the lapse in funding, *sua sponte* enters this General Order.

Based on these findings, the Court ordered:

> [E]ffective October 1, 2025, that all civil litigation involving as a party the United States of America, its agencies, its officers or employees (whether in their individual or official capacity and whether current or former employees), and/or any other party represented by the Department of Justice or the United States Attorney's Office is immediately suspended, postponed and held in abeyance continuing for a period of twenty-eight (28) days from October 1, 2025.

(Available on the Court's website at www.ohsd.uscourts.gov.)

The terms of the General Order do not grant discretion to judges of this Court to grant exceptions. As authority for this Court to grant relief from the General Order, Plaintiff relies on *Landis v. North American Co*, 299 U. S. 248, 254-55 (1936), and *Ohio Env't Council v. U. S. Dist. Ct.,* 565 F.2d 393, 396 (6th Cir. 1977). Each decision addresses a particular stay entered in an individual case; neither addresses a stay entered in circumstances such as now prevail where the Congress of the United States has failed in one of its core responsibilities, to wit, to fund federal government operations.

Since the Department of Justice will not pay Assistant United States Attorneys to work on this case, commanding them to do so would force them to provide their services *pro bono publico*. Doing so to compel them to perform ordinary duties in civil litigation would violate their constitutional rights. *Mallard v. U.S. Dist. Court, S.D. Iowa*, 490 U.S. 296 (1989).

2

Plaintiff has cited no authority for the proposition that the Constitution of the United States entitles him to have matters in this case decided before the end of October, which is the duration of the stay.

Plaintiff's Motion to Vacate is DENIED.

October 20, 2025.

s/ *Michael R. Merz*<br>United States Magistrate Judge