**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| MAJOR SEAN BARNETT, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:25-cv-228 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| DEFENSE HEALTH AGENCY, | : | |
| | : | Magistrate Judge Michael R. Merz |
| Defendant. | : | |

---

**ENTRY AND ORDER DENYING PLAINTIFF'S RENEWED MOTION TO**
**COMPLETE THE ADMINISTRATIVE RECORD (DOC. NO. 94)**

---

This matter is currently before the Court for consideration of Plaintiff's Renewed Motion to Complete the Administrative Record ("Motion") (Doc. No. 94). Plaintiff Sean Barnett ("Barnett") brought the instant action against Defendant the Defense Health Agency ("DHA") pursuant to the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.* ("APA"), based on the DHA's decision to suspend, and ultimately revoke, Barnett's privileges to practice medicine at the Wright-Patterson Air Force Base Medical Center. (*See* Doc. No. 1 at PageID 4-5.) The DHA has since filed an administrative record for the Court's review. (*See* Doc. No. 90.) As his case proceeds to dispositive motion practice, Barnett decries the DHA's administrative record as incomplete and, by his Motion, seeks to add material to the administrative record to his own personal satisfaction. (*See* Doc. No. 94.)

To that end, Barnett makes several sweeping arguments pertaining to a need to complete the administrative record in this case. (*Id.* at PageID 6905-09.) Without regard for whether Barnett's arguments make sense, the Court notes Barnett's assertion that the administrative record submitted by DHA "omits chronology-dependent communications and supporting materials

1

necessary to reconstruct the actual decisional sequence." (*Id.* at PageID 6906.)  Barnett further posits that "[t]he [administrative record] repeatedly references categories of materials that are not themselves included despite their apparent role in shaping the challenged actions." (*Id.* at PageID 6907.)  He similarly claims that he made a number of communications and submissions that were improperly excluded from the DHA's administrative record here.  (*Id.* at PageID 6908-09.)  In all, Barnett submits that the Court cannot meaningfully review the administrative record at issue because, in his view, these supposed deficiencies "impair the Court's ability to reconstruct the actual chronology, evidentiary development, and decisional pathway underlying the challenged actions." (*Id.* at PageID 6909.)  Liberally construing his argument, the Court takes Barnett to mean that the current administrative record lacks background information necessary for the Court to determine whether the ultimate decision to revoke Barnett's practice privileges was arbitrary, capricious, or otherwise not in accordance with the law.

Nonetheless, Barnett's present Motion cannot be well-taken.  "The APA requires courts to 'review the whole record or those parts of it cited by a party.'"  *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997) (quoting 5 U.S.C § 706).  "'The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision *based on the record the agency presents to the reviewing court.*'"  *Little Traverse Lake Prop. Owners Ass'n. v. Nat'l. Park Serv.*, 883 F.3d 644, 657 (6th Cir. 2018) (quoting *Fla. Power & Light Co. v. Lorian*, 470 U.S. 729, 743-44 (1985)) (emphasis in original).  Along these lines, governmental conduct is subject to a "presumption of legitimacy," and "clear evidence is usually required to displace it."  *Nat'l. Archives & Recs. Admin. V. Favish*, 541 U.S. 157, 174 (2004) (citing *United States v. Armstrong*, 517 U.S.  456, 464 (1996); *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14-15 (1926)).  In APA cases, this principle simply means that "[t]he agency's designation of the

2

[a]dministrative [r]ecord is entitled to a presumption of regularity." *Partners in Forestry Co-op v. U.S. Forest Serv.*, 45 F. Supp. 3d 677, 682 (W.D. Mich. 2014) (citing *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993)), *aff'd sub nom.*, *Partners in Forestry Co-op, Northwood All., Inc. v. U.S. Forest Serv.*, 638 F. App'x. 546 (6th Cir. 2015).

The presumption of regularity is rebuttable though and supplementation of the administrative record may be appropriate where the plaintiff can clearly demonstrate that "an agency deliberately or negligently exclude[d] certain documents, or when the court needs certain 'background information in order to determine whether the agency considered all of the relevant factors.'" *Sierra Club*, 120 F.3d at 638 (quoting *James Madison Ltd. by Hecht b. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996); *citing also United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1428 (6th Cir. 1991)) (cleaned up).  Further, some "[c]ourts have suggested that in order to justify supplementation, a plaintiff must make a strong showing of bad faith."  *Id.* (citations and internal quotation marks omitted).  In any event, "[b]are assertions or conjecture will not do." *Ky. Heartwood, Inc. v. U.S. Forest Service*, 349 F.R.D. 272, 278 (E.D. Ky. 2025).

Here, Barnett has failed to clearly demonstrate that the administrative record at issue is somehow incomplete.  In essence, Barnett claims that the DHA's administrative record is incomplete because he is not personally satisfied with the background information provided therein.  For example, he states that, to complete the administrative record, he should be able to deduce information such as "what investigative activity occurred before May 9, 2023," or when the allegations against Barnett at the administrative level "expanded or evolved."  (Doc. No. 94 at PageID 6906.)  As another example, Barnett has cried foul because the administrative record references a patient complaint that was not itself included in the record.  However, the referenced complaint is in-fact in the administrative record (*see* Doc. No. 90-3 at DHA_170-72) and, at any

rate, "there is no requirement that the administrative record include all underlying sources unless the report relies so heavily on the underlying sources that the agency might fairly be said to have considered the sources merely by considering the documents in which they were cited." *Partners in Forestry*, 45 F. Supp. 3d at 682-83 (citation omitted).  Such is not the case here and Barnett does not offer clear evidence otherwise.  Rather, Barnett supposes that the administrative record is incomplete *per se* because it does not flesh out every detail of the events leading up to the DHA's decision to initiate administrative action against him, and because certain portions of the administrative record do not—in his view—come with adequate underlying documentation.

Absent clear evidence, Barnett's arguments are little more than thought exercises.  In all reality, it is not clear to the Court that the information sought by Barnett is relevant at all, much less necessary for the Court to meaningfully consider his APA claim.  If Barnett thinks that the administrative record here is insufficient to justify the DHA's decision to revoke his medical privileges, he can certainly argue as much on the merits.  Indeed, he has, by way of dispositive motion (*see* Doc. No. 96 at PageID 6946-49), and the Court intends to deliberate on the issue accordingly.  But, the contention is purely conjectural when aimed at completion of the administrative record.  Plaintiff's Renewed Motion to Complete the Administrative Record (Doc. No. 94) is, therefore, **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, July 10, 2026.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE